IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STANLEY JOE SMITH,            )
                                         )
               Petitioner,       )
                                         )
vs.                                   )     Case No. 04-CV-369-TCK-PJC
                                       )
MILLICENT NEWTON-EMBRY,   )
District Supervisor,           )
                                       )
             Respondent.     )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2002-543. Respondent filed a response (Dkt. # 11) to the petition. Petitioner filed a reply (Dkt. # 12). For the reasons discussed below, the Court finds the petition shall be denied.

## *BACKGROUND*

The record reflects that on January 25, 2002, Petitioner was charged with Trafficking in Illegal Drugs, AFCF, in Tulsa County District Court, Case No. CF-2002-543. A preliminary hearing was held on March 8, 2002. See Dkt. # 11, attached Trans. Prel. Hr'g. Petitioner, represented by attorney Scott Keith, demurred to the evidence, but the demurrer was overruled. His attorney filed a motion to suppress, see Dkt. # 11, Ex. H, and an amended motion to suppress, see id., Ex. I, arguing that evidence against Petitioner should be suppressed because it was obtained via an illegal search and seizure. The trial court denied the motions. On November 15, 2002, attorney Scott Keith was allowed to withdraw. Thereafter, Petitioner was represented by retained counsel, Rolla Jay Cook. On January 10, 2003, Mr. Cook filed a motion on behalf of Petitioner requesting an independent examination of the contraband "to determine the exact weights and to determine

whether the suspected contraband is in fact methamphetamine." See Dkt. # 11, Ex. G.

On January 21, 2003, the case was called for jury trial. Prior to commencement of trial proceedings, however, Petitioner, represented by Mr. Cook, entered a plea of guilty after the state amended the charge to Possession of a Controlled Drug With Intent to Distribute, After Former Conviction of Three Felonies. See Dkt. # 11, Ex. J. Petitioner was sentenced to eight (8) years imprisonment and the trial court recommended that he be placed in a therapeutic community program. Id. Petitioner did not move to withdraw his guilty plea during the ten-day period following pronouncement of his Judgment and Sentence and did not otherwise perfect a *certiorari* appeal.

More than four (4) months later, on June 4, 2003, Petitioner filed an application for post conviction relief in the state district court. See Dkt. # 11, Ex. A.  In his application, Petitioner raised the following claims:

> Proposition 1:  Ineffective assistance of counsel.
>
> Proposition 2:  Breach of plea agreement [failure to be placed in "therapeutic community program"]. Violation of Separation of Powers Act.
>
> Proposition 3:  § 1086 cannot apply to this initial application for post-conviction relief.

See Dkt. # 11, Ex. A.  The request for post-conviction relief was denied by order filed on July 31, 2003 (Dkt. # 11, Ex. D).   Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), raising the same claims presented to the state district court (Dkt. # 11, Ex. E).  By order filed October 28, 2003 (Dkt. # 11, Ex. F), in Case No. PC-2003-967, the OCCA affirmed the district court's denial of post-conviction relief.

On April 27, 2004, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1).  In his petition, Petitioner identifies the following grounds for habeas corpus relief:

> I:       Appellant has been subjected to a violation of his Sixth (6th) Amendment right to

Effective Assistance of Counsel.

II:     The review and Opinion by the Court of Criminal Appeals in this case was issued on the basis of an inadequate premise, which was contrary to, or involved an unreasonable application of clearly established stated and federal law, as determined by the Supreme Court of the United States, thereby violating the precepts of the U.S. Constitution.

III:    Appellant's 4th Amendment rights were violated when he was subjected to an illegal search and seizure.

IV:     The after-former convictions used in this case are well beyond all presumptions of statutory soundness and therefore have been applied illegally in violation of the Due Process Clause contained in the 14th Amendment U.S.C.

V:      The state courts of Oklahoma have not followed Supreme Court mandates, 10th Circuit mandates, and other federal court decisions when deciding the guilt and punishment phases in this methamphetamine prosecution.

(Dkt. # 1). In response to the petition (Dkt. # 11), Respondent asserts that Petitioner is either not entitled to relief under 28 U.S.C. § 2254(d), or his claims are procedurally barred.

## *ANALYSIS*

### A.      **Exhaustion/Evidentiary Hearing**

The Court finds that the exhaustion requirement is satisfied in this case. See 28 U.S.C. §2254(b).  Petitioner raised his ineffective assistance of counsel claims in his post-conviction proceeding.  To the extent Petitioner's remaining claims were not raised in his post-conviction proceeding, the Court finds that consideration of the claims are not barred by the exhaustion requirement because it would be futile to require Petitioner to return to state court where they would be subject to imposition of a procedural bar. See § 2254(b)(1)(B).

The Court further finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  **Ineffective assistance of counsel**

3

As his first proposition of error, Petitioner claims that he received ineffective assistance of counsel. See Dkt. # 1. He complains that his "trial attorney did not attempt to apply any investigative techniques to the information and/or evidence in this case." Id. at 9. In his second proposition of error, Petitioner asserts that the OCCA's adjudication of his claims failed to satisfy the habeas corpus standard contained in 28 U.S.C. § 2254(d). Id. In the "argument" section of his petition, Petitioner alleges that the drugs recovered at his shop were planted by police officers after they conducted an unconstitutional warrantless search. Id. at 12. Furthermore, he claims that his plea of guilty was coerced by his attorney who told him he would be sentenced to a life sentence on the trafficking charge if he did not agree to plead guilty. Id. Petitioner claims that he "has never possessed any amount of 'actual methamphetamine.'" Id. at 13. He also complains that the state statute is "void for vagueness" in contrast to federal statutes which distinguish between the types of methamphetamine "appropriately." Id. at 14. Petitioner emphasizes that his allegations relate to the performance of Rolla Jay Cook, the attorney who provided representation when Petitioner entered his plea of guilty.

A defendant generally waives all objections of a constitutional nature when he knowingly and voluntarily enters a guilty plea, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) ("it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses"). "It is beyond dispute that a guilty

plea must be both knowing and voluntary. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 28-29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (other citations omitted). In considering a habeas petition, or after the judgment of conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, only those ineffective assistance claims that would render a petitioner's plea involuntary would remain after a guilty plea.  Significantly, the habeas corpus statute provides that the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In the instant case, the only ineffective assistance of counsel claim presented by Petitioner that could relate to the voluntariness of his guilty plea is his claim that trial counsel "coerced" his guilty plea by threatening a life sentence unless he agreed to plead guilty to the lesser charge. The record, however, refutes Petitioner's claim that his plea was "coerced." At the time Petitioner's guilty plea was accepted by the trial court, Petitioner signed, under oath, a document entitled "Findings of Fact - Acceptance of Plea" reflecting the counseled and voluntary entry of a plea of guilty (Dkt. # 11, Ex. J).[1] That document refutes Petitioner's claim that his guilty plea was "coerced." In completing the document, Petitioner responded "Yes" when asked, "Can you read and understand this form?"  See Dkt. # 11, Ex. J, ¶ 4. He circled "Yes" in response to the question, "Do

---

[1]Reliance upon a form reflecting questions and answers is sufficient to establish whether the entry of a plea of guilty is knowing and voluntary.  Hoffman v. Young, 23 Fed. Appx. 885, 887 (10th Cir. Oct. 12, 2001) (unpublished opinion cited pursuant to Tenth Circuit Rule 36.3).

you understand the nature and consequences of this proceeding?" See id., ¶ 8. Petitioner swore under oath that the statements were true and correct.  See id., ¶ 28. Furthermore, in providing the factual basis for his plea of guilty, Petitioner stated "I had in my possession methamphetamine with the intent to distribute on 01/23/2002, in Tulsa County as alleged in the Amended Information filed in Tulsa District Court on 03/11/2002."  Id., ¶ 24. Based on Petitioner's averments, the state court made factual determinations that Petitioner understood the nature, purpose and consequences of the proceeding, that the plea of guilty was knowingly and voluntarily entered, and that a factual basis for the plea existed. Id., ¶ 32(B), (C), and (E). As discussed above, those findings of fact are presumed correct unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has failed to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's findings of fact. Id.

Petitioner has made no showing that his guilty plea was other than voluntary and counseled. Therefore, he waived the remainder of his constitutional claims, including other ineffective assistance of counsel claims, upon entry of his plea of guilty. The Court further finds that Petitioner has failed to satisfy the 28 U.S.C. § 2254(d) standard.  For those reasons, the Court concludes that Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of counsel.

**C. Procedural bar**

In addition to his claims of ineffective assistance of counsel, Petitioner has also alleged that he was subjected to an illegal search and seizure in violation of the 4th Amendment, that his sentence was improperly enhanced with invalid former convictions, and that the state courts failed to follow Supreme Court mandates, 10th Circuit mandates, and other federal court decisions when deciding the guilt and punishment phases in his methamphetamine prosecution. See Dkt. # 1. The

record demonstrates that none of these claims has been presented to the state courts as separate, independent claims, and have been procedurally defaulted.  If Petitioner were to return to state court to raise these claims in a second application for post-conviction relief, the claims would be subject to imposition of a procedural bar.

The procedural default of Petitioner's habeas claims never before presented to the OCCA would result in the imposition of a bar based on independent and adequate state procedural grounds should Petitioner return to state court to raise those claims in a second application for post-conviction relief.  See Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). An "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Anderson v. Sirmons, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n. 3 (10th Cir. 2002)).

In this case, Petitioner has defaulted these claims twice: first, when he failed to perfect a *certiorari* appeal after pleading guilty, and second, when he failed to raise the claims in his first application for post-conviction relief. Even if any of the defaulted habeas claims could be found to have been raised on post-conviction appeal, the OCCA affirmed the denial of post-conviction relief as to any claim that was first raised in the application for post-conviction relief, finding as follows:

> The provisions of 22 O.S. 2001, § 1080, are not a substitute for a direct appeal. *Maines v. State*, 1979 OK CR 71, ¶4, 597 P.2d 774. Permitting one to by-pass or waive a timely and direct appeal and proceed under 22 O.S. 2001, § 1080, without supplying sufficient reason erodes the limitations and undermines the purpose of the statutory direct appeal.  *See Webb v. State*, 1983 OK CR 40, 661 Pl2d 904. Petitioner's application to this Court fails to articulate any sufficient reason explaining his failure to timely file an appeal of his conviction.

See Dkt. # 11, Ex. F at 2. Based on that language, it is clear that the OCCA applied a procedural bar

in affirming the denial of post-conviction relief based on Petitioner's failure to follow state procedures in perfecting an appeal of his conviction.

Respondent contends that this Court should uphold the procedural bar imposed by the state courts. The Court agrees with Respondent that, with the exception of the claim of ineffective assistance of counsel, discussed above, Petitioner's claims are procedurally barred. The OCCA's procedural bar imposed on claims that were raised in the application for post-conviction relief was an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In addition, the bar imposed by the OCCA on Petitioner's claims was based on state law grounds adequate to preclude federal review. See Cannon v. Gibson, 259 F.3d 1253, 1269 (10th Cir. 2001). The anticipatory procedural bar applicable to any claim defaulted twice by Petitioner is also independent and adequate to preclude federal review.

As a result of the procedural bar, this Court may not consider Petitioner's defaulted claims unless he demonstrates "cause and prejudice" for the default, or that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of

8

the crime of which he was convicted. See Murray, 477 U.S. at 495-96; McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's response, Petitioner states "he did not have a Direct Appeal in this case because he could not afford to hire private counsel and did not have the knowledge to draft an appeal by himself.  Mr. Cook effectively deserted the Petitioner after the plea was entered and therefore, he was denied a direct appeal through no fault of his own." See Dkt. # 12 at 7.  As discussed above, however, Petitioner defaulted his claims twice.  He offers no explanation for his failure to raise these claims as separate claims in his application for post-conviction relief. However, to the extent any of the defaulted habeas claims could be found to have been raised in the post-conviction proceeding, the Court will address Petitioner's complaint that his attorney abandoned him after entry of the guilty plea. Although the OCCA indicated that Petitioner "failed to articulate any sufficient reason" for his failure to file an appeal, see Dkt. # 11, Ex. F at 2, the Court finds that Petitioner's allegation of abandonment is Petitioner's effort to explain his failure to file a timely withdrawal of plea or appeal.

Petitioner's explanation nonetheless fails to serve as "cause" to overcome the procedural bar. According to the Supreme Court, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Although Petitioner indicates his attorney abandoned him, he does not state that he asked his attorney to file a motion to withdraw plea or an appeal for him. In fact, Petitioner circled "No" to the question on the plea form which asked if he wanted to

remain in the county jail for a period of ten (10) days before being taken to the place of confinement. See Dkt. # 11, Ex. J.  In addition, Petitioner signed the "Findings of Fact - Acceptance of Plea" entered in his state court proceedings directly below the lengthy paragraph describing his right to appeal his plea and notifying him that he must file a written application to withdraw his plea within ten (10) days.  See Dkt. # 11, Ex. J. Thus, the record reflects that Petitioner was fully and correctly advised of his rights to appeal.

The Tenth Circuit Court of Appeals has determined that where a defendant is convicted on a plea of guilty and does not indicate to his attorney an intention to appeal, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea. Failure to notify the defendant of this limited right is not in itself ineffective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citations omitted).  Counsel has a duty to inform the defendant of the limited right to appeal from a guilty plea only "if the defendant inquires about an appeal right," or "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea." Id. at 1188; see also Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (stating that counsel has a duty to inform the defendant of his appeal rights based on error of constitutional magnitude if "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to that claim").

Petitioner in this case entered a plea of guilty and the record is void of any evidence that Petitioner intended to appeal his guilty plea until he filed an application for post-conviction relief more than four (4) months after entry of his plea and judgment and sentence. The record reflects that, despite being informed by the trial court of his right to appeal and the procedures to follow to perfect an appeal, Petitioner failed to file an application to withdraw his plea or to perfect a

10

*certiorari* appeal following his conviction on his guilty plea. Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea. As a result, the Court finds that Petitioner has failed to establish cause for his procedural default through his unsupported claim that his attorney abandoned him.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In his pleadings, Petitioner asserts that he is actually innocent of the crime to which he pled guilty. Petitioner presents no new evidence, however, supporting a claim of actual innocence. As a result, the Court concludes that Petitioner does not fall within the fundamental miscarriage of justice exception.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 510 U.S. at 724. Those claims shall be denied as procedurally barred.

### *CONCLUSION*

After careful review of the record and arguments of the parties in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

11

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus

(Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

DATED THIS 8th day of April, 2008.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

12